BAKER & DANIELS LLP
ELLEN E. BOSHKOFF, IN Bar # 16365-49
BRIAN R. GARRISON, IN Bar # 26367-49
(Both admitted *pro hac vice*)
300 North Meridian Street
Suite 2700
Indianapolis, Indiana 46204
Tel:  317.237.0300
Fax:  317.237.1000
e-mail: ellen.boshkoff@bakerd.com
e-mail: brian.garrison@bakerd.com

MORGAN, LEWIS & BOCKIUS LLP
BARBARA A. FITZGERALD, SBN 151038
JASON S. MILLS, SBN 225126
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:  213.612.2500
Fax:  213.612.2501
e-mail: bfitzgerald@morganlewis.com
e-mail: jmills@morganlewis.com

Attorneys for Defendant
ELI LILLY AND COMPANY

ORIGINAL

CLERK, U.S. DISTRICT COURT
AUG 28 2007
CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
SEP - 5 2007
CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

NOTE CHANGES MADE BY THE COURT.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WILLIAM PUTNAM, on behalf of himself and others similarly situated,

Plaintiffs,

vs.

ELI LILLY AND COMPANY; and DOES 1 to 50, Inclusive,

Defendants.

Case No. CV-07-3656 JFW (PLAx)

**STIPULATED PROTECTIVE ORDER**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
JS-2/JS-3 ____
Scan Only ____

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential material, and ensure that protection is afforded only to material so entitled, the Court enters this Protective Order pursuant to Rule 26 of the Federal Rules of Civil Procedure.

BAKER &
DANIELS LLP
INDIANAPOLIS
INDIANA

1-LA/954810.1

DOCKETED ON CM
SEP - 9 2007
BY ____ 053

STIPULATED PROTECTIVE ORDER

### 1.   <u>Good Cause Statement</u>

a.   WHEREAS, Plaintiff William Putnam ("Plaintiff") has served discovery that seeks the disclosure of proprietary information regarding trade secrets of Defendant Eli Lilly and Company ("Lilly"), including but not limited to its products and selling and marketing practices; private information regarding Lilly's current and former employees; and confidential information regarding Lilly's customers, including but limited to doctors, pharmacies, hospitals, and any and all other medical providers, and patients.

b.   WHEREAS, by order dated August 23, 2007, the Magistrate Judge directed the parties in this matter "to submit a stipulated proposed protective order setting forth, at a minimum, the terms to govern the use of to-be-disclosed names, addresses and telephone numbers" of current and former Lilly employees (specifically addressed hereunder at paragraphs 3 and 4(b)).

c.   WHEREAS, the parties having met and conferred with one another in good faith, the parties agree that a stipulated protective order is necessary to protect Lilly's trade secrets, confidential product and marketing information, private information regarding Lilly's current and former employees, and confidential information regarding Lilly's customers.

d.   WHEREAS, in the absence of a protective order, proprietary information regarding Lilly's trade secrets, technical information, financial information, business strategy, and marketing information may be disclosed publicly; private information regarding Lilly's current and former employees may be made public; confidential information regarding Lilly's customers may be made public; and the disclosure of this information to a competitor would put Lilly at a competitive disadvantage in the marketplace.

e.   WHEREAS, the parties thus agree that in order to conduct meaningful discovery in accordance with the Federal Rules of Civil Procedure, a stipulated protective order is necessary and outweighs the interest of the public to gain access

BAKER &
DANIELS LLP
INDIANAPOLIS
INDIANA

1-LA/954810 1

2

1    to litigation documents and information that may be based in whole or in part upon

2    the information contained within such discovery. *See Phillips v. GM Corp* , 307

3    F.3d 1206, 1209-11 (9th Cir. 2002).

4        THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and

5    between Plaintiff and Lilly, and by and between their undersigned counsel, that:

6    **2.**    **Discovery Materials**

7        This Order applies to all products of discovery and all information derived

8    therefrom, including, but not limited to, all documents, objects or things, deposition

9    testimony and interrogatory/request for admission responses, and any copies,

10   excerpts or summaries thereof, obtained by any party pursuant to the requirements

11   of any court order or rule of procedure, requests for production of documents,

12   requests for admissions, interrogatories, or subpoena ("Discovery Materials").  This

13   Order extends to any other forum to which this action may be transferred—and

14   upon final termination of this action, a party producing Confidential Discovery

15   materials may request the return or destruction of such Confidential Discovery

16   Materials.

17   **3.**    **Use of Discovery Materials**

18       With the exception of documents or information that have become publicly

19   available without a breach of the terms of this Order, Discovery Materials produced

20   or discovered in this Litigation and designated confidential shall be used by the

21   receiving party solely for the prosecution or defense of this Litigation and/or the

22   litigation proceedings in the case entitled Schaefer-Larose v. Eli Lilly and

23   Company, Case No. 5:06-cv-1379, initially filed in the Northern District of New

24   York, and currently pending transfer to the Southern District of Indiana, to the

25   extent reasonably necessary to accomplish the purpose for which disclosure is

26   made, and not for any other purpose, including any other litigation or judicial

27   proceedings, or any business, competitive, governmental, commercial, or

28   administrative purpose or function.

BAKER &
DANIELS LLP
INDIANAPOLIS
INDIANA

1-LA/954810 1                                    3

### 4.   **"Confidential Discovery Materials" Defined**

For the purposes of this Order, "Confidential Discovery Materials" shall mean any information that the producing party in good faith believes is properly protected under Federal Rule of Civil Procedure 26(c) and which is properly designated as confidential according to the procedures set forth in this Order, including, but not limited to:

a.   Any and all documents regarding, pertaining to, or concerning proprietary, trade secret, financial, or other confidential material. "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that:  (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.  Cal. Civ. Code § 3426.1(d).  Such documents shall include, but are not limited to, confidential sales, marketing, compensation, and training materials, internal documents concerning marketing techniques and effectiveness of those techniques, and proprietary documents relating to Lilly's products, the disclosure of which could place Lilly at a competitive disadvantage.

b.   Private information regarding, pertaining to, or concerning Lilly's current and former employees, including but not limited to home addresses, home telephone numbers, social security numbers, drivers' license numbers, and date of birth, as well as any medical or psychiatric records for medical and/or psychiatric treatment.

c.   Information regarding, pertaining to, or concerning Lilly's customers that is not public information, including the identification of doctors, pharmacies, hospitals, and other medical providers, or the patients thereof, who have purchased, prescribed, or used, any product developed, manufactured, patented, and/or sold by Lilly.

BAKER &
DANIELS LLP
INDIANAPOLIS
INDIANA

1-LA/954810.1

4

STIPULATED PROTECTIVE ORDER

The terms of this Order shall in no way affect the right of any person (a) to withhold information on alleged grounds of immunity from discovery such as, for example, attorney/client privilege, work product or privacy rights of such third parties as patients, physicians, clinical investigators, or reporters of claimed adverse reactions; or (b) to withhold information on alleged grounds that such information is neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.

Where large volumes of Discovery Materials are provided to the requesting party's counsel for preliminary inspection and designation for production, and have not been reviewed for confidentiality purposes, the producing party reserves the right to designate the materials as Confidential and redact appropriate information after they are designated by the requesting party for production. During the preliminary inspection process, and before production, all Discovery Materials reviewed by the requesting party's counsel shall be treated as Confidential Discovery Materials.

## 5. Designation of Documents as "Confidential"

a.   For the purposes of this Order, the term "document" means all tangible items, whether written, recorded, electronic or graphic, whether produced or created by a party or another person, whether produced pursuant to subpoena, to discovery request, by agreement, or otherwise.

Unless impossible or impractical to do so, any document which the producing party intends to designate as Confidential shall be stamped (or otherwise have the legend recorded upon it in a way that brings the legend to the attention of a reasonable examiner) with the notation of "Confidential" or "Confidential -- Subject to Protective Order" or other similar language. Such stamping or marking will take place prior to production by the producing person, or subsequent to selection by the requesting party for production. The stamp shall be affixed in such a manner as not to obliterate or obscure any written material. To the extent not possible or practical

BAKER &
DANIELS LLP
INDIANAPOLIS
INDIANA

1-LA/954810 1                                    5

STIPULATED PROTECTIVE ORDER

1    to individually stamp documents as Confidential, the producing party shall inform

2    the receiving party, in writing, that the documents are being designated as

3    Confidential and specifically identify the document or group of documents so

4    designated by Bates number(s).

5        b.    A party may preliminarily designate as "Confidential" all documents

6    produced by a third party entity employed by the party for the purposes of

7    document management, quality control, production, reproduction, storage,

8    scanning, or other such purpose related to discovery, by notifying the counsel for

9    the other party that all documents being produced are to be accorded such

10   protection.  Once said documents are produced by such third party vendor, the

11   designating party will then review the documents and, as appropriate, designate

12   them as "Confidential" by stamping the document (or otherwise having the legend

13   recorded upon it in a way that brings its attention to a reasonable examiner) as such

14   or by other appropriate means that clearly designate the documents intended to be

15   treated as Confidential.

16   **6.    Non-Disclosure of Confidential Discovery Materials**

17       Except with the prior written consent of the party or other person originally

18   producing Confidential Discovery Materials, or as hereinafter provided under this

19   Order, no Confidential Discovery Materials, or any portion thereof, may be

20   disclosed to any person, except as set forth in paragraph 7 below.

21   **7.    Permissible Disclosures of Confidential Discovery Material**

22       Notwithstanding paragraph 6, Confidential Discovery Materials may be

23   disclosed to and used only by:

24       a.    the parties, putative class members and/or class members, but only to

25   the extent that the party, putative class member and/or class member has or had

26   access to the information during his or her employment with Lilly or to the extent

27   that the information is relevant to his or her claims in this Litigation;

28

BAKER &
DANIELS LLP
INDIANAPOLIS
INDIANA

1-LA/954810 1                          6

STIPULATED PROTECTIVE ORDER

b.       counsel of record for the parties in this Litigation and to his/her partners, associates, paralegals, secretaries, legal assistants, and employees to the extent considered reasonably necessary to render professional services in the Litigation;

c.       inside counsel of the parties, to the extent reasonably necessary to render professional services in the Litigation;

d.       court officials involved in this Litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

e.       any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper, after notice to the producing party and an opportunity to be heard;

f.       where produced by an opposing party, in addition to the persons described in subsections (b) and (c) of this section, a party's in-house paralegals and outside counsel, including any attorneys employed by or retained by the party's outside counsel who are assisting in connection within this Litigation, and the paralegal, clerical, secretarial, and other staff employed or retained by such outside counsel or retained by the attorneys employed by or retained by a party's outside counsel, to the extent reasonably necessary to render professional services in the Litigation;

g.       persons noticed for depositions or designated as trial witnesses, or those who counsel of record in good faith expect to testify at deposition or trial, only to the extent reasonably necessary in preparing to testify;

h.       outside consultants or outside experts retained for the purpose of assisting counsel in the Litigation;

i.       employees of third-party contractors involved in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data or

BAKER &
DANIELS LLP
INDIANAPOLIS
INDIANA

1-LA/954810 1                                    7

STIPULATED PROTECTIVE ORDER

1   designating programs for handling data connected with this action, including the

2   performance of such duties in relation to a computerized litigation support system;

3       j.      any employee of a party or former employee of a party, but only to the

4   extent considered necessary for the preparation and trial of this action; and

5       k.      any other person, if consented to in writing in advance by the

6   producing party.

7       Any individual to whom disclosure is to be made under subparagraph (a) or

8   under subparagraphs (e) through (k)  shall sign, prior to such disclosure, a copy of

9   the Endorsement of Protective Order, attached as Exhibit A.  Counsel providing

10  access to Confidential Discovery Materials shall retain copies of the executed

11  Endorsement(s) of Protective Order.  Any party seeking a copy of an endorsement

12  may make a demand setting forth the reasons therefore to which the opposing party

13  will respond in writing.  If the dispute cannot be resolved, the parties shall obtain a

14  decision from the Court pursuant to the procedure set forth in Local Rule 37 of the

15  United States District Court for the Central District of California.  For testifying

16  experts, a copy of the Endorsement of Protective Order executed by the testifying

17  expert shall be furnished to counsel for the party who produced the Confidential

18  Discovery Materials to which the expert has access, at the time the expert's

19  designation is served, or at the time the Confidential Discovery Materials are

20  provided to the testifying expert, whichever is later.

21      **8.    Production of Confidential Materials by Non-Parties**

22      Any non-party who is producing Discovery Materials in the Litigation may

23  agree to and obtain the benefits of the terms and protections of this Order by

24  designating as "Confidential" the Discovery Materials that the non-party is

25  producing, as set forth in paragraph 5.

26      **9.    Inadvertent Disclosures**

27      a.      The parties agree that the inadvertent production of any Discovery

28  Materials that would be protected from disclosure pursuant to the attorney-client

BAKER &
DANIELS LLP
INDIANAPOLIS
INDIANA

1-LA/954810 1                                        8

STIPULATED PROTECTIVE ORDER

1   privilege, the work product doctrine or any other relevant privilege or doctrine shall

2   not constitute a waiver of the applicable privilege or doctrine.  If any such

3   Discovery Materials are inadvertently produced, the recipient of the Discovery

4   Materials agrees that, upon request from the producing party, it will promptly return

5   the Discovery Materials and all copies of the Discovery Materials in its possession,

6   delete any versions of the Discovery Materials on any database it maintains and

7   make no use of the information contained in the Discovery Materials; provided,

8   however, that the party returning such Discovery Materials shall have the right to

9   apply to the Court for an order that such Discovery Materials are not protected from

10  disclosure by any privilege pursuant to the procedure set forth in Local Rule 37 of

11  the United States District Court for the Central District of California.  The person

12  returning such material may not, however, assert as a ground for such motion the

13  fact or circumstances of the inadvertent production.

14        b.      The parties further agree that in the event that the producing party or

15  other party inadvertently fails to designate Discovery Materials as Confidential in

16  this or any other litigation, it may make such a designation subsequently by

17  notifying all persons and parties to whom such Discovery Materials were produced,

18  in writing, as soon as practicable.  After receipt of such notification, the persons to

19  whom production has been made shall prospectively treat the designated Discovery

20  Materials as Confidential, subject to their right to dispute such designation in

21  accordance with paragraph 9.

22        **10.    <u>Declassification</u>**

23        a.      Nothing shall prevent disclosure beyond that limited by this Order if

24  the producing party consents in writing in advance to such disclosure.

25        b.      If at any time a party (or aggrieved entity permitted by the Court to

26  intervene for such purpose) wishes for any good faith reason to dispute a

27  designation of Discovery Materials as Confidential made hereunder, the dispute

28  shall proceed pursuant to Local Rule 37.

BAKER &
DANIELS LLP
INDIANAPOLIS
INDIANA

1-LA/954810 1                                       9

STIPULATED PROTECTIVE ORDER

1        c.    The designating party shall have the burden of proof upon such

2    application to establish the propriety of its Confidential designation and to produce

3    to the court copies of all disputed documents if requested by the court, or if the

4    court allows, representative samples of all disputed documents. All information

5    whose designation as confidential has been disputed shall be treated as confidential

6    until such time as the Court determines or the parties agree otherwise, even after the

7    conclusion of this matter.

8    **11.**    <u>**Confidential Discovery Materials in Depositions**</u>

9        a.    Counsel for any party may show Confidential Discovery Materials to a

10   deponent during deposition and examine the deponent about the materials so long

11   as the deponent already knows the Confidential information contained therein or if

12   the provisions of paragraph 7 are complied with.

13       b.    Parties (and deponents) may designate testimony and exhibits as

14   subject to Confidential protection under this Order at the time of the deposition. In

15   addition, Parties (and deponents) may, within thirty (30) days after receiving a

16   deposition, designate pages of the transcript (and exhibits thereto) as Confidential.

17   During the first fourteen (14) days of such thirty (30) day period, the entire

18   transcript, including exhibits, will be treated as subject to Confidential protection

19   under this Order. If no party or deponent timely designates a transcript as

20   Confidential, then none of the transcript or its exhibits will be treated as

21   confidential.

22   **12.**    <u>**Confidential Discovery Materials Offered as Evidence at Trial**</u>

23       Confidential Discovery Materials and the information therein may be offered

24   in evidence at trial or any court hearing, provided that the proponent of the evidence

25   gives notice to counsel for the party or other person that designated the Discovery

26   Materials or information as Confidential at least fifteen days prior to the scheduled

27   trial date, or such shorter period if agreed to in writing between the parties or so-

28   ordered by the Court. Any party may move the Court for an order that the evidence

BAKER &
DANIELS LLP
INDIANAPOLIS
INDIANA

1-LA/954810 1           10

STIPULATED PROTECTIVE ORDER

1   be received in camera or under other conditions to prevent unnecessary disclosure.

2   The Court will then determine whether the proffered evidence should continue to be

3   treated as Confidential and, if so, what protection, if any, may be afforded to such

4   Discovery Materials or information at trial.

5   **13.   Filing**

6        The parties agree that Confidential Discovery Materials shall not be filed

7   with the Clerk except when required in connection with matters pending before the

8   Court and when the party in good faith thinks the Confidential Discovery Materials

9   are relevant to the subject matter of the filing.  Any party filing motion papers or

10  other Court filings, including exhibits, that would disclose Confidential Discovery

11  Material must make an application to file the Confidential Discovery Material

12  under seal pursuant to Rule 79-5 of the Civil Local Rules for the United States

13  District Court, Central District of California, which may be by ex parte application,

14  If the receiving party disputes a confidential designation of motion papers or

15  exhibits, then the receiving party must notify the designating party of that dispute in

16  writing.  If the parties are unable to resolve their dispute, the parties may petition

17  the Court pursuant to the procedure set forth in Local Rule 37 of the United States

18  District Court for the Central District of California for an order approving or

19  removing the confidential designation.  In the interim, the designated material shall

20  be deemed Confidential Discovery Material until the issue is resolved by the Court.

21       Where an application to file under seal is granted, the filing shall be

22  separately filed under seal with the Court in a sealed envelope, clearly marked:

23  **"THIS DOCUMENT CONTAINS CONFIDENTIAL**
    **INFORMATION COVERED BY A PROTECTIVE**
24  **ORDER OF THE COURT AND IS SUBMITTED UNDER**
    **SEAL PURSUANT TO COURT ORDER.  THE**
25  **CONFIDENTIAL CONTENTS OF THIS DOCUMENT**
    **MAY NOT BE DISCLOSED WITHOUT EXPRESS**
26  **ORDER OF THE COURT"**

27  and shall remain sealed while in the office of the Clerk so long as they retain their

28  status as Confidential Discovery Materials, or shall be filed and sealed in such other

BAKER &
DANIELS LLP
INDIANAPOLIS
INDIANA

1-LA/954810 1                                11

STIPULATED PROTECTIVE ORDER

1   manner as that Court may order.  Unless otherwise ordered by the Court, said

2   Confidential Discovery Materials shall be kept under seal until further order of the

3   Court; however, said Confidential Discovery Materials and other papers filed under

4   seal shall be available to the Court, to counsel of record, and to all other persons

5   entitled to receive the confidential information contained therein under the terms of

6   this Order.

7   **14.   Client Consultation**

8       Nothing in this Order shall prevent or otherwise restrict counsel from

9   rendering advice to their clients in this Litigation and, in the course thereof, relying

10  generally on examination of Confidential Discovery Materials.

11  **15.   Subpoena by other Courts or Agencies**

12      If another court or an administrative agency subpoenas or otherwise orders

13  production of Confidential Discovery Materials which a person has obtained under

14  the terms of this Order, the person to whom the subpoena or other process is

15  directed shall promptly notify the designating party in writing by facsimile, hand

16  delivery, and/or electronic mail of all of the following: (1) the Discovery Materials

17  that are requested for production in the subpoena; (2) the date on which compliance

18  with the subpoena is requested; (3) the location at which compliance with the

19  subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the

20  case name, jurisdiction and index, docket, complaint, charge, civil action or other

21  identification number or other designation identifying the litigation, administrative

22  proceeding or other proceeding in which the subpoena or other process has been

23  issued.  Such notice shall be given to designating party as soon as practicable to

24  permit action by the designating party, but in no event later than five (5) business

25  days from the person's receipt of the subpoena or order of production.  Persons who

26  have obtained Confidential Discovery Materials under the terms of this Order shall

27  not respond to a subpoena or order of production prior to giving notice to the

28  designating party and shall not respond to the subpoena so quickly after giving

BAKER &
DANIELS LLP
INDIANAPOLIS
INDIANA

1-LA/954810 1                                    12

STIPULATED PROTECTIVE ORDER

1   notice as to deny the designating party an opportunity to move to modify or quash

2   it.  Furthermore, persons who have obtained Confidential Discovery Materials

3   under the terms of this Order shall not respond to a subpoena or order of

4   production, in accordance with law, when the designating party timely files a

5   motion to quash or modify.  Confidential Discovery Materials that are also obtained

6   either directly or indirectly by a subpoena are subject to the provisions of this

7   Order.

8       For purposes of providing the notice required under this paragraph, notice to

9   Lilly shall be directed to:

10      Ellen E. Boshkoff and Denise Simpson
        BAKER AND DANIELS LLP
11      300 North Meridian Street
        Suite 2700
12      Indianapolis, IN  46204
        Fax: (317) 237-1000
13      ellen.boshkoff@bakerd.com
        denise.simpson@bakerd.com
14

15  **16.    Non-termination**

16      Upon final termination of this action, a party producing Confidential

17  Discovery Materials may request the return or destruction of such Confidential

18  Discovery Materials.  Within ninety (90) days after final conclusion of all aspects

19  of the Litigation, if any, the receiving parties shall, at their option, return or destroy

20  Confidential Discovery Materials and all copies of same.  Notwithstanding this

21  provision, Counsel are entitled to retain an archival copy of all pleadings, motion

22  papers, transcripts, legal memoranda, correspondence or attorney work product,

23  even if such materials contain Confidential Material.  Any such archival copies that

24  contain or constitute Confidential Material remain subject to this Stipulated

25  Protective Order.  If the receiving party elects to destroy Confidential Discovery

26  Materials, it shall consult with counsel for the producing party on the manner of

27  destruction and obtain such party's consent to the method and means of destruction.

28  All counsel of record for the receiving party shall make certification of compliance

BAKER &
DANIELS LLP
INDIANAPOLIS
INDIANA

1-LA/954810 1                                  13

1   herewith and shall deliver the same to counsel for the party who produced the

2   Discovery Materials not more than one hundred and twenty (120) days after final

3   termination of this Litigation. Counsel of record, however, shall not be required to

4   return or destroy any pretrial or trial records as are regularly maintained by that

5   counsel in the ordinary course of business; which records will continue to be

6   maintained as confidential in conformity with this Order.

7   **17.   Modification Permitted**

8   Nothing in this Order shall prevent any party or other person from seeking

9   modification of this Order or from objecting to discovery that it believes to be

10   otherwise improper.

11   **18.   Responsibility of Attorneys; Copies**

12   The attorneys of record are responsible for employing reasonable measures to

13   control consistent with this Order, duplication of, access to, and distribution of

14   Confidential Discovery Materials, including abstracts and summaries thereof.

15   No duplications of Confidential Discovery Materials shall be made except for

16   providing copies to be used in the work of conducting this case and for filing in

17   court under seal; provided, however, that copies may be made only by those

18   persons specified in sections (b), (c) and (d) of paragraph 7 above or by experts and

19   consultants to the extent they deem necessary for the provisions of their services in

20   this action. Any copy provided to a person described in paragraph 7 or made by an

21   expert or consultant shall be returned to counsel of record upon completion of the

22   purpose for which such copy was provided. In the event of a change in counsel,

23   retiring counsel shall fully instruct new counsel of their responsibilities under this

24   Order and new counsel shall sign this Order.

25   **19.   No Waiver of Rights or Implication of Discoverability**

26   a.   No disclosure pursuant to any provision of this Order shall waive any

27   rights or privileges of any party granted by this Order.

28

BAKER &
DANIELS LLP
INDIANAPOLIS
INDIANA

1-LA/954810 1                                    14

1       b.    This Order shall not enlarge or affect the proper scope of discovery in

2  this or any other litigation; nor shall this order imply that Confidential Discovery

3  Materials are properly discoverable, relevant, or admissible in this or any other

4  litigation.  Each party reserves the right to object to any disclosure of information or

5  production of any documents that the producing party designates as Confidential

6  Discovery Materials on any other ground it may deem appropriate.

7       c.    The entry of this Order shall be without prejudice to the rights of the

8  parties, or any one of them, or of any non-party to assert or apply for additional or

9  different protection.  Nothing in this Order shall prevent any party from seeking an

10  appropriate protective order to further govern the use of Confidential Discovery

11  Materials at trial.

12      **20.**   **Improper Disclosure of Confidential Discovery Material**

13      Disclosure of Discovery Materials designated Confidential other than in

14  accordance with the terms of this Protective Order may subject the disclosing

15  person to such sanctions and remedies as the Court may deem appropriate.

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER &
DANIELS LLP
INDIANAPOLIS
INDIANA

1-LA/954810 1

15

STIPULATED PROTECTIVE ORDER

1

2    Dated:   August 28, 2007          **FOR DEFENDANT**
                                        **ELI LILLY AND COMPANY**

3                                       MORGAN, LEWIS & BOCKIUS, LLP

4

5                                       By: _____

6                                       Barbara A. Fitzgerald
                                        Jason S. Mills
7                                       MORGAN, LEWIS & BOCKIUS LLP
                                        300 South Grand Ave., 22nd Floor
8                                       Los Angeles, CA 90071-3132
                                        Phone: 213.612.2500
9                                       Fax: 213.612.2501
                                        bfitzgerald@morganlewis.com
10                                      jmills@morganlewis.com

11                                      Ellen E. Boshkoff (IN Bar No. 16365-49)
                                        Brian R. Garrison (IN Bar No. 26367-49)
12                                      (Both admitted *pro hac vice*)
                                        BAKER & DANIELS LLP
13                                      300 North Meridian Street
                                        Suite 2700
14                                      Indianapolis, IN  46204
                                        Phone: (317) 237-0300
15                                      Fax:  (317) 237-1000
                                        ellen.boshkoff@bakerd.com
16                                      brian.garrison@bakerd.com

17

18

19

20

21

22

23

24

25

26

27

28

BAKER &
DANIELS LLP
INDIANAPOLIS
INDIANA

1-LA/954810 1                          16

STIPULATED PROTECTIVE ORDER

1    Dated:   August 28, 2007

**FOR PLAINTIFF**
**WILLIAM PUTNAM,**
*on behalf of himself and others similarly*
*situated*

SPIRO MOSS BARNES

By: _____
Ira Spiro
Gregory N. Karasik
Spiro Moss Barnes
11377 W. Olympic Blvd., 5th Floor
Los Angeles, CA  90064
Tel: 310.235.2468
Fax: 310.235.2456
ira@spiromoss.com
greg@spiromoss.com

George R. Kingsley
Eric B. Kingsley
Darren M. Cohen
Elana R. Levine
Kingsley & Kingsley
16133 Ventura Blvd., Suite 1200
Encino, CA  91436
Tel: 818.990.8300
Fax: 818.990.2903
eric@kingsleykingsley.com

Christopher A. Seeger
Stephen A. Weiss
Christopher Van De Kieft
Seeger Weiss
One William Street
New York, NY  10004
Tel: 212-584-0700
cseeger@seegerweiss.com
sweiss@seegerweiss.com
cvandekieft@seegerweiss.com

BAKER &
DANIELS LLP

1-LA/954810.1

17

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM PUTNAM, on behalf of himself and others similarly situated, | Case No. CV-07-3656 |
| Plaintiffs, | **EXHIBIT A** |
| vs. | **ENDORSEMENT OF PROTECTIVE ORDER** |
| ELI LILLY AND COMPANY; and DOES 1 to 50, Inclusive, | |
| Defendants. | |

I hereby attest to my understanding that information or documents designated Confidential are provided to me subject to the Protective Order ("Order") dated August 7, 2007, in the above-captioned litigation ("Litigation"); that I have been given a copy of and have read the Order; and that I agree to be bound by its terms. I also understand that my execution of this Endorsement of Protective Order, indicating my agreement to be bound by the Order, is a prerequisite to my review of any information or documents designated as Confidential pursuant to the Order.

I further agree that I shall not disclose to others, except in accord with the Order, any Confidential Discovery Materials, in any form whatsoever, and that such Confidential Discovery Materials and the information contained therein may be used only for the purposes authorized by the Order.   I acknowledge that my obligation not to disclose Confidential Discovery Materials to others extends to any manufacturer, distributor, or seller of prescription medications or any employee of such manufacturer or seller.

I further agree to return all copies of any Confidential Discovery Materials I have received to counsel who provided them to me upon completion of the purpose for which they were provided and no later than the conclusion of this Litigation.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such discovery material will continue even after this Litigation

BAKER &
DANIELS LLP
INDIANAPOLIS
INDIANA

1-LA/954810.1                                     18

STIPULATED PROTECTIVE ORDER

1  concludes.

2      I further agree and attest to my understanding that, if I fail to abide by the

3  terms of the Order, I may be subject to sanctions, including contempt of court, for

4  such failure.  I agree to be subject to the jurisdiction of the United States District

5  Court for the Central District of California for the purposes of any proceedings

6  relating to enforcement of the Order.

7      I further agree to be bound by and to comply with the terms of the Order as

8  soon as I sign this Endorsement, regardless of whether the Order has been entered

9  by the Court.

10

11  Date: _____

12  By: _____

13  Printed Name:_____

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER &
DANIELS LLP
INDIANAPOLIS
INDIANA

1-LA/954810 1

BDDB01 4845344v3

19

STIPULATED PROTECTIVE ORDER

1

ORDER

2

3    PURSUANT TO THE STIPULATION, IT IS SO ORDERED.

4

5    Dated:  9/4/07

6                                            Honorable Paul L. Abrams
                                             United States Magistrate Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER &
DANIELS LLP
INDIANAPOLIS
INDIANA

1-LA/954810 1                          20

1

## PROOF OF SERVICE

2

3      I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 300 South Grand

4   Avenue, Twenty-Second Floor, Los Angeles, CA 90071-3132.

5      On August 28, 2007, I served the within document:

6   **STIPULATED PROTECTIVE ORDER**

7

8      ☒      by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los

9   Angeles, California addressed as set forth below.

10

11      George R. Kingsley, Esq.                    Ira Spiro, Esq.
       Eric B. Kingsley, Esq.                       Gregory N. Karasik, Esq.

12      Darren M. Cohen, Esq.                        Spiro Moss Barnes
       Elana R. Levin, Esq.                         11377 W. Olympic Blvd., 5th Floor

13      Kingsley & Kingsley, Esq.                    Los Angeles, CA 90064
       16133 Ventura Blvd., Suite 1200

14      Encino, CA 91436

15      Ellen E. Boshkoff, Esq.                      Christopher A. Seeger, Esq.
       Brian R. Garrison, Esq.                      Stephen A. Weiss, Esq.

16      Baker & Daniels LLP                          Christopher van De Kieft, Esq.
       300 No. Meridian St., Suite 2700             Seeger Weiss

17      Indianapolis, IN 46204                       One William Street
                                                    New York, New York 10004

18

19      I am readily familiar with the firm's practice of collection and processing

20   correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the

21   ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than

22   one day after date of deposit for mailing in affidavit.

23      Executed on August 28, 2007, at Los Angeles, California.

24

25      I declare under penalty of perjury, under the laws of the State of California and the United States of America, that the foregoing is true and correct.

26

27

28                                                      _____
                                                         Shirley Riedel

1-LA/946449 1